IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

|  |  |  |
|---|---|---|
| MICHAEL YELLEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 18-00422 ACK-RT |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, ANDREW SAUL, Commissioner of Social Security | ) ) ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ORDER GRANTING DEFENDANT NANCY A. BERRYHILL'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

For the reasons discussed below, Defendant Nancy A. Berryhill's Motion to Dismiss for Lack of Subject-Matter Jurisdiction, ECF No. 19, is hereby GRANTED. Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

### BACKGROUND

Plaintiff Michael Yellen ("Plaintiff"), proceeding pro se, is a resident of the state of Hawai`i who alleges that he has been diagnosed with post-traumatic stress disorder ("PTSD"). Compl., ECF No. 1, ¶ 2. Plaintiff alleges that his PTSD diagnosis arose from his 21-year incarceration.[1] Compl. ¶ 2.

---

[1] It is unclear when exactly Plaintiff was sent to prison, and it is also unclear when he was released.

On January 8, 2018, Plaintiff filed an application for Supplemental Security Income ("SSI"), Declaration of Glen Haas ("Haas Decl."), ECF No. 19-1, ¶ 5, and on February 8, 2018, Plaintiff filed an application for Social Security Disability Insurance ("SSDI"). Haas Decl. ¶ 3; Def. Exh. A, ECF No. 19-2. The Social Security Administration ("SSA") denied Plaintiff's application for SSDI on February 13, 2018, Haas Decl. ¶ 3; Def. Exh. B, ECF No. 19-3, and on June 1, 2018 the SSA denied Plaintiff's application for SSI. Haas Decl. ¶ 5; Def. Exh. C, ECF No. 19-4. The SSA denied Plaintiff's SSDI application because he has not earned enough work credits to qualify for SSDI. Hass Decl. ¶ 5; Def. Exh. B. Plaintiff's Complaint suggests that he has not earned enough work credits to qualify for SSDI because his 21-year incarceration precluded him from working. Compl. ¶ 6. The SSA denied Plaintiff's SSI application because it determined that he is not disabled within the meaning of the Social Security Act. Haas Decl. ¶ 5; Def. Exh. C. Plaintiff did not request reconsideration of either determination. Haas Decl. ¶¶ 4, 6.

On October 31, 2018, Plaintiff filed his Complaint in which he challenges the earnings requirement of the Social Security Act, which requires individuals to have worked and paid Social Security taxes for a certain number of years in order to be insured for SSDI. See 42 U.S.C. § 423(c)(1). Specifically,

Plaintiff alleges that the earnings requirement violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Title II of the Americans with Disabilities Act ("ADA"). Compl. ¶¶ 9–10. Plaintiff does not appear to assert claims related to the denial of his application for SSI benefits.

On April 1, 2019, Defendant Nancy A. Berryhill, then Acting Commissioner of Social Security,[2] ("Defendant") filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(1), ECF No. 19. On May 2, 2019, Plaintiff filed his Opposition, ECF No. 21, and on May 15, 2019, Defendant filed a Reply. ECF No. 22. The Court held a hearing on Defendant's Motion on August 8, 2019.

## STANDARD

**A. Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

A court's subject-matter jurisdiction may be challenged under Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of

---

[2] The Court notes that on June 17, 2019, after the parties completed their briefing, Andrew Saul was sworn in as the new Commissioner of Social Security. Accordingly, the case caption has been updated to reflect the substitution of Andrew Saul for Nancy A. Berryhill pursuant to Federal Rule of Civil Procedure 25(d).

subject-matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Rule 12(b)(1) challenges may be either "facial" or "factual." Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)). When opposing a facial attack on subject-matter jurisdiction, the nonmoving party is not required to provide evidence outside the pleadings. Wolfe, 392 F.3d at 362; see Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009) (treating defendant's challenge to subject-matter jurisdiction as facial because defendant "introduced no evidence contesting any of the allegations" of the complaint). In deciding a facial Rule 12(b)(1) motion, the court must assume the allegations in the complaint are true and draw all reasonable inferences in the plaintiff's favor. Wolfe, 392 F.3d at 362 (citations omitted).

By contrast, in a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Wolfe, 392 F.3d at 362 (quoting Safe Air, 373 F.3d at 1039). The moving party may bring a factual challenge to the court's subject-matter jurisdiction by submitting "affidavits or any other evidence

properly before the court." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). The nonmoving party must then "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject-matter jurisdiction." Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009) (citation omitted). In these circumstances, the court may look beyond the complaint without having to convert the motion into one for summary judgment. U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1200 n.2 (9th Cir. 2009). When deciding a factual challenge to the court's subject-matter jurisdiction, the court "need not presume the truthfulness of the plaintiffs' allegations." Id.

**B. Special Considerations for Pro Se Litigants**

A pro se litigant's pleadings must be read more liberally than pleadings drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Wolfe, 392 F.3d at 362; Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). When a plaintiff proceeds pro se and technically violates a rule, the court should act with leniency toward the pro se litigant. Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986); Pembrook v. Wilson, 370 F.2d 37, 39–40 (9th Cir. 1966). However, "a pro se litigant is not excused from knowing the most basic pleading requirements." Am. Ass'n of Naturopathic Physicians v.

- 5 -

Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citations omitted).

Courts may deny a pro se plaintiff leave to amend where amendment would be futile. Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002) (citing Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990); Lucas v. Dep't of Corr., 66 F.3d 245, 248-49 (9th Cir. 1995) (holding that dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment or after the pro se litigant is given an opportunity to amend).

## **DISCUSSION**

Defendant has brought a factual challenge to the Court's subject-matter jurisdiction because Defendant has submitted a declaration and several exhibits in support of the Motion. See Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Defendant presents two central arguments in the Motion: (1) Plaintiff has failed to exhaust his administrative remedies; and (2) there is no basis for the Court to waive the exhaustion requirement.

Plaintiff argues that the earnings requirement of the Social Security Act violates the Equal Protection Clause of the Fourteenth Amendment. The Fourteenth Amendment, however, does not apply to the federal government. San Francisco Arts &

Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citations omitted).

Courts may deny a pro se plaintiff leave to amend where amendment would be futile. Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002) (citing Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990); Lucas v. Dep't of Corr., 66 F.3d 245, 248-49 (9th Cir. 1995) (holding that dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment or after the pro se litigant is given an opportunity to amend).

## **DISCUSSION**

Defendant has brought a factual challenge to the Court's subject-matter jurisdiction because Defendant has submitted a declaration and several exhibits in support of the Motion. See Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Defendant presents two central arguments in the Motion: (1) Plaintiff has failed to exhaust his administrative remedies; and (2) there is no basis for the Court to waive the exhaustion requirement.

Plaintiff argues that the earnings requirement of the Social Security Act violates the Equal Protection Clause of the Fourteenth Amendment. The Fourteenth Amendment, however, does not apply to the federal government. San Francisco Arts &

Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 542 n.21 (1987) ("The Fourteenth Amendment applies to actions by a State."). But the Fifth Amendment applies to the federal government, and the Fifth Amendment's Due Process Clause incorporates an equal protection component. Bolling v. Sharpe, 347 U.S. 497, 499 (1954). Courts take an approach to Fifth Amendment equal protection claims that is "precisely the same as to equal protection claims under the Fourteenth Amendment." Weinberger v. Wiesenfeld, 420 U.S. 636, 638 n.2 (1975). Because a pro se litigant's pleadings must be read more liberally than pleadings drafted by counsel, Haines, 404 U.S. at 520–21, the Court construes Plaintiff's Fourteenth Amendment equal protection claim as a Fifth Amendment equal protection claim.

Plaintiff does not specify which statutory provisions or regulations he seeks to challenge. Instead, he broadly challenges what he alleges is "the unconstitutional policy of having to earn[] work credits in order to qualify for disability" benefits. Compl. ¶ 6. To receive SSDI benefits, a claimant must be both insured for disability benefits and establish that he became disabled on or before the expiration of his insured status. 42 U.S.C. § 423(a)(1)(A), (E). To prove disability insured status, a claimant is required to have earned sufficient income to have been covered for twenty of the forty quarters preceding the alleged onset date of the disability.

Lee v. Astrue, Civ. No. 09-00245 ACK-KSC, 2010 WL 346352, at *2 (D. Haw. Jan. 29, 2010) (citing 20 C.F.R. § 404.130(b)); see also Harvell v. Chater, 87 F.3d 371, 372–73 (9th Cir. 1996) (per curiam) (citing 42 U.S.C. §§ 416(i)(3) and 423(c)(1); 20 C.F.R. § 404.130(b)). This rule is referred to as the "20/40 Rule." Lee, 2010 WL 346352, at *2. Accordingly, the Court construes Plaintiff's Complaint as asserting a Fifth Amendment equal protection challenge to the 20/40 Rule.

With this backdrop in mind, the Court turns to Defendant's Motion.

**I. Exhaustion of Administrative Remedies**

The Social Security Act provides for judicial review of agency actions regarding benefits under Title II of the Social Security Act. 42 U.S.C. § 405(g); Subia v. Comm'r of Soc. Sec., 264 F.3d 899, 902 (9th Cir. 2001); McNatt v. Apfel, 201 F.3d 1084, 1087 (9th Cir. 2000). Section 405(g) in part provides: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); see also 42 U.S.C. § 405(h) (barring judicial review of decisions of the

Commissioner except as provided in § 405). "A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction." Bass, 872 F.2d at 833 (citing Heckler v. Ringer, 466 U.S. 602, 617 (1984)); see also Mathews v. Eldridge, 424 U.S. 319, 328 (1976) ("On its face § 405(g) thus bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the Secretary after a 'hearing.'").

Judicial review of an administrative decision under 42 U.S.C. § 405(g) may be obtained only after (1) the claimant has been party to an administrative hearing held by the Commissioner, and (2) the Commissioner has made a final judgment on the claim. See McNatt, 201 F.3d at 1087; Bass v. Social Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989). "To obtain a hearing, the claimant must (1) present a claim to the Secretary and obtain an initial determination; (2) seek reconsideration; and (3) after reconsideration, request a hearing before an administrative law judge." Bass 872 F.2d at 833 (citations omitted). The decision made following the hearing only becomes the final decision of the Commissioner after the claimant requests review by the Appeals Council, and the Appeals Council either grants or denies review. Id.

Plaintiff has failed to request reconsideration of the SSA's denial of his applications for SSDI and SSI. See Haas

Decl. at ¶¶ 4, 6. Plaintiff therefore did not (and could not) request a hearing before an administrative law judge ("ALJ"), or review by the Appeals Council.

Accordingly, the Court concludes that Plaintiff failed to exhaust his administrative remedies prior to commencing this lawsuit, as is required by 42 U.S.C. § 405(g), and thus the Court is deprived of jurisdiction over Plaintiff's claims. Bass, 872 F.2d at 833. The Court must therefore determine whether there are grounds to waive Plaintiff's failure to exhaust administrative remedies. Id.

**II. Waiver of the Exhaustion Requirement**

Exhaustion may be waived by the Commissioner, Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987) (citing Weinberger v. Salfi, 422 U.S. 749, 766-67 (1975)), or by the courts, Cassim, 824 F.2d at 795 (citing Mathews, 424 U.S. at 330-32). The Commissioner has not waived exhaustion, so the Court must determine whether waiver by the Court is appropriate.

The Ninth Circuit has held that a district court should waive the exhaustion requirement if a three-part test is satisfied: "The claim at issue must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that refusal to the relief sought will cause an injury which retroactive payments cannot remedy (irreparability), and (3) one whose resolution would not serve

the purposes of exhaustion (futility)." Bass, 872 F.2d at 833 (quoting Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987)).

**A. Collaterality**

In order for a claim to be considered "collateral," it must not deal with the same benefits being issued, but rather must be separate or collateral from issues related to the benefits. Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir. 2003). In other words, where a claim is "not essentially a claim for benefits," the claim is collateral. Id. (citing Johnson v. Shahala, 2 F.3d 918, 921 (9th Cir. 1993)). Here, Plaintiff seeks to challenge the constitutionality of the 20/40 Rule, which "requires an individual making a disability claim to have worked at a job at which he paid social security tax during at least twenty of the forty quarters preceding the quarter in which his disability occurs." Harvell, 87 F.3d at 372–73 (citing 20 C.F.R. § 404.130(b)).

Plaintiff's claim that the 20/40 Rule violates equal protection principles is clearly collateral because Plaintiff is challenging a particular SSA regulation—Plaintiff is not directly challenging the Commissioner's denial of his application for disability benefits. Here, Plaintiff is arguing that the 20/40 Rule deprives him of equal protection because it treats him and others who have not met the earnings requirement to qualify for SSDI differently from claimants who have earned

sufficient work credits to qualify for benefits. See Harvell v. Shalala, C-94-2126 MHP, 1995 WL 73082, at *4 (N.D. Cal. Feb. 3, 1995) (plaintiff's claim that the 20/40 Rule violated his due process rights was collateral to his underlying claim of entitlement to benefits); Davis v. Astrue, 513 F. Supp. 2d 1137, 1145-46 (N.D. Cal. 2007) (holding that a plaintiff's claim was collateral where the plaintiff alleged that the SSA, following its own standard practices, systematically denied the plaintiff and others with mental disabilities equal treatment to those with physical disabilities); see also Mathews, 424 U.S. at 330. Accordingly, the Court concludes that Plaintiff's constitutional challenge is collateral to his underlying claim for benefits.

**B. Irreparability**

As an initial matter, the Court notes that the Ninth Circuit is inconsistent in its articulation of the second element of the exhaustion waiver test. In some cases, the Ninth Circuit only required plaintiffs to "raise at least a colorable claim that exhaustion will cause them irreparable injury." Johnson, 2 F.3d 918 at 922; Briggs v. Sullivan, 886 F.2d 1132, 1140 (9th Cir. 1989). In at least one case, the Ninth Circuit required only that the plaintiff raise a colorable constitutional claim and did not discuss irreparable injury. Hoye v. Sullivan, 985 F.2d 990, 991 (9th Cir. 1992). And in another case, the Ninth Circuit considered whether the plaintiff

demonstrated a colorable constitutional claim and whether his claim was colorable in its showing that exhaustion would cause him irreparable injury. Cassim, 824 F.2d at 795. Whatever the proper test, the Court finds, as discussed infra, that Plaintiff has not raised a colorable constitutional claim, nor has he raised a colorable claim that exhaustion will cause him irreparable harm.

Plaintiff argues that he has stated a colorable constitutional claim because equal protection principles mandate that "Plaintiffs must be given the same disability benefits as other[s] who have been diagnosed with PTSD. A disability is a disability and requiring Plaintiff to pay prior to obtaining disability benefit[s] is unconstitutional." Opposition at 3. Plaintiff argued at the hearing held on August 7, 2019, that the 20/40 Rule violates equal protection principles because it treats disabled prisoners, who are unable to work and pay Social Security taxes, differently from other disabled individuals.

"A claim is colorable if it is not 'wholly insubstantial, immaterial, or frivolous.'" Cassim, 824 F.2d at 795 (quoting Boettcher v. Sec'y of Health and Human Servs., 759 F.2d 719, 722 (9th Cir. 1985)). "A constitutional claim is not colorable if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly

insubstantial or frivolous." Hoye, 985 F.2d at 991-92 (citation omitted).

Plaintiff has not asserted a colorable constitutional claim because the Ninth Circuit has already ruled that the 20/40 Rule is constitutional. See Harvell, 87 F.3d at 373. In Harvell, the Ninth Circuit noted that "[a] statutory classification in the area of social welfare is consistent with the Due Process Clause of the Fifth Amendment if it is rationally based and free from invidious discrimination." Id. The Ninth Circuit followed the Tenth Circuit and ruled that the 20/40 Rule was free of invidious discrimination, and that the 20/40 Rule had two rational bases—namely, Congress's goal of making the social security system self-supporting by assuring that beneficiaries made a substantial contribution to the system before the onset of disability; and Congress's desire to limit disability benefits to those who were previously dependent on their employment income. Id.; see also Tuttle v. Sec'y of Health, Educ. and Welfare, 504 F.2d 61 (10th Cir. 1974). Other courts of appeal have also upheld the constitutionality of the 20/40 Rule and related earnings requirements. See Collier v. Barnhart, 473 F.3d 444, 449 (2d Cir. 2007) ("We cannot conclude that the 20/40 Rule does not meet the minimal standard of rationality, as Congress could rationally choose to distribute a scarce resource among those who both have contributed more

recently to the system and have indicated, by their actions, that they are more dependent on the salaries they draw on from being employed."); Fisher v. Sec'y of Health, Educ. And Welfare, 522 F.2d 493, 504 (7th Cir. 1975) (rejecting claimant's argument that the earnings requirement was unconstitutional); Leikind v. Schweiker, 671 F.2d 823, 824–24 (4th Cir. 1982) (holding that a different earnings requirement in the Social Security Act is constitutional because it has a rational basis). Because Plaintiff's constitutional challenge is foreclosed by the Ninth Circuit's ruling in Harvell, and because numerous other courts of appeal have rejected Plaintiff's argument or substantially similar arguments, Plaintiff's constitutional claim is entirely meritless.

The Court notes that at the hearing held on August 7, 2019, Plaintiff argued that no court has ruled on his precise claim—that the 20/40 Rules violates equal protection principles because it treats prisoners with disabilities differently from non-prisoners with disabilities. However, "a statutory classification in the area of social welfare is consistent with the Due Process Clause of the Fifth Amendment if it is rationally based and free from invidious discrimination." Harvell, 87 F.3d at 373 (citing Richardson v. Belcher, 404 U.S. 78, 81 (1971)). As the Court has discussed, every court of appeals that has addressed the constitutionality of the 20/40

Rule has concluded that it survives rational basis review. Accordingly, Plaintiff's argument is without merit.

Moreover, Plaintiff has not established that he would suffer irreparable harm if he were required to exhaust his administrative remedies. Courts have found irreparability in cases where full relief could not be obtained at a post-deprivation hearing. See Mathews, 424 U.S. at 331; Bowen v. City of New York, 476 U.S. 467, 483–85 (1986) (agreeing with the district court's finding that a class of claimants would be irreparably injured if required to exhaust administrative remedies where many claimants were hospitalized due to the trauma of having disability benefits cut off). Plaintiff has never received disability benefits, and nothing in the record indicates that Plaintiff would suffer irreparable harm if required to exhaust his administrative remedies. In fact, the SSA determined that Plaintiff is not disabled within the meaning of the Social Security Act and, on that basis, denied his application for SSI benefits.

Accordingly, the Court concludes that Plaintiff has not asserted a colorable constitutional challenge or demonstrated that exhausting his administrative remedies will cause him irreparable harm. For these reasons, Plaintiff has not met the second element of the exhaustion waiver test.

**C. Futility**

"The Supreme Court has held that the ultimate decision of whether to waive exhaustion should not be made solely by mechanical application of the Eldridge factors [collaterality and irreparable harm], but should also be guided by the policies underlying the exhaustion requirement." Johnson, 2 F.3d at 922 (alterations in original, quoting City of New York, 476 U.S. at 484); see also Cassim, 824 F.2d at 795 (noting that futility can be established where requiring a claimant to exhaust administrative remedies would not serve the policies underlying exhaustion). The purpose of the exhaustion requirement is to allow the agency to compile a detailed factual record and apply agency expertise in administering its own regulations. Johnson, 2 F.3d at 922. The Ninth Circuit has found futility where an agency applies a systemwide policy that is inconsistent in critically important ways with established regulations. Id. In such situations, nothing is gained from permitting the compilation of a detailed factual record or from agency expertise. Id.

Here, Plaintiff has asserted a constitutional challenge to statutory and regulatory requirements of the Social Security Act. It does not appear that anything would be gained from requiring Plaintiff to exhaust his administrative remedies such that the SSA could compile a detail factual record and

apply its expertise.  See Cassim, 824 F.2d at 795 (finding waiver because the claimant asserted a constitutional challenge and there was nothing to be gained from permitting the compilation of a detailed factual record or from agency expertise).

Accordingly, the Court concludes that because Plaintiff has asserted a constitutional challenge, exhaustion would be futile.  However, because Plaintiff has not asserted a colorable constitutional claim or demonstrated irreparable harm, the Court cannot waive the exhaustion requirement.

For the foregoing reasons, the Court finds that it lacks subject-matter jurisdiction over Plaintiff's constitutional challenge to the 20/40 Rule.

**D. ADA Claim**

Plaintiff also argues that the earnings requirement of the Social Security Act violates Title II of the ADA.  The Supreme Court has observed that "[t]he Social Security Act and the ADA both help individuals with disabilities, but in different ways.  The Social Security Act provides monetary benefits to every insured individual who 'is under a disability.'"  Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 801 (1999) (citing 42 U.S.C. § 423(a)(1)).  The ADA, on the other hand, "seeks to eliminate unwarranted discrimination against disabled individuals in order to both guarantee those

individuals equal opportunity and to provide the Nation with the benefit of their consequently increased productivity." Cleveland, 526 U.S. at 801 (citing 42 U.S.C. §§ 12101(a)(8), (9)).

Although the Social Security Act and the ADA are both statutes that concern disabled individuals, Defendant has pointed out, Motion at 6-7, n.2, that the Commissioner has waived sovereign immunity only for final decisions subject to judicial review under 42 U.S.C. § 405(g). See 42 U.S.C. § 405(h). In other words, Defendant has not waived sovereign immunity to ADA claims. Moreover, courts "generally presume that Congress is knowledgeable about existing law pertinent to the legislation that it enacts," Goodyear Atomic Corp. v. Miller, 486 U.S. 174, 184-85 (1988), and that "Congress acts consistently with the extant body of law." Doe v. Kamehameha Schools/Bernice, 470 F.3d 827, 847 (9th Cir. 2006) (en banc).

Accordingly, the Court concludes that it lacks jurisdiction to adjudicate Plaintiff's claim that the Commissioner of the Social Security Administration somehow violated the ADA by denying Plaintiff's application for SSDI benefits.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction is hereby

GRANTED.  Plaintiff's Complaint is DISMISSED WITH PREJUDICE because these jurisdictional defects cannot be cured by amendment.

   IT IS SO ORDERED.

   DATED: Honolulu, Hawai`i, August 9, 2019.



_____
Alan C. Kay
Sr. United States District Judge

Yellen v. Social Security Administration, et al., Civ. No. 18-00422 ACK-RT, Order GRANTING DEFENDANT NANCY A. BERRYHILL'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION